**Paul Darnell WOODSON, Petitioner–Appellant,**

v.

**W. MAZZUCA, Superintendent, Fishkill Correctional Facility, Respondent–Appellee.**

**Docket No. 03–2661.**

United States Court of Appeals, Second Circuit.

Aug. 10, 2004.

Benjamin E. Rosenberg, Swidler Berlin Shereff Friedman LLP, New York, NY, for Appellant.

Douglas A. Spencer, Assistant District Attorney (Steven A. Hovani, Assistant District Attorney, of counsel, Thomas J. Spota, District Attorney of Suffolk County, on the brief), Riverhead, NY, for Appellee.

PRESENT: WINTER, STRAUB, and LAY,* Circuit Judges.

*SUMMARY ORDER*

Petitioner–Appellant Paul Darnell Woodson appeals from the August 20, 2003 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying

---

* The Honorable Donald P. Lay, Senior Circuit Court Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Woodson was convicted, after a jury trial, in the Supreme Court of the State of New York, Suffolk County, of sodomy in the first degree, rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. The District Court certified just one issue for appeal to this Court: whether the state trial court's refusal to admit into evidence a letter, which was purportedly written by Tina Lauer to Woodson, deprived Woodson of his right to a fair trial. Familiarity is assumed as to the facts of this case.

At trial, a police officer testified that Woodson had confessed to sexually abusing the victim, and that Woodson had signed a written confession. The victim testified at trial about the abuse, and Tina Lauer, the victim's mother, testified that she witnessed Woodson sexually abusing her daughter. Woodson took the stand and denied that he had committed the abuse, but admitted that he had confessed to the police and signed a written confession.

Lauer was living with Woodson at the time of the incident. At trial, when defense counsel first showed the letter to Lauer, she admitted that it contained her handwriting and that she had sent it to Woodson around May 1, 1992. However, after reading the contents of the letter, she then denied having written at least certain portions of it. The letter contained the following statement: "If I find out that you did this, you will and I will never see our son or my children ever again!!!" Woodson testified that he received the letter while he was in jail after the incident, and he testified that he recognized the handwriting as Lauer's.

The state trial court excluded the letter on the ground that the statement it contained was not clearly a prior inconsistent statement, and because the letter was not properly authenticated. The District Court, considering Woodson's habeas petition, concluded that the trial court erred with regard to the first basis. The District Court concluded, however, that the trial court "correctly determined that the letter could not be introduced because its authenticity was suspect."

"Supreme Court precedent makes clear that a criminal defendant is entitled by the Constitution to a meaningful opportunity to present a complete defense." *Wade v. Mantello*, 333 F.3d 51, 57 (2d Cir.2003). "A defendant's right to present relevant evidence is not, however, unlimited; rather it is subject to 'reasonable restrictions.' Central among these restrictions are state and federal rules of procedure and evidence 'designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'" *Id.* at 58 (citations omitted). The erroneous exclusion of evidence under state rules of evidence violates a defendant's federal constitutional right to present a defense only if " 'the omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist.'" *Justice v. Hoke*, 90 F.3d 43, 47 (2d Cir.1996) (quoting *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)); *see also Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir.2000). Having examined all the evidence before the jury, we conclude that because of doubts as to its authorship and the subject matter of the quoted statement, the letter would not have created reasonable doubt that did not otherwise exist. Therefore, even assuming that the letter was improperly excluded under New York law, habeas relief is not warranted.

Accordingly, the judgment of the District Court is hereby AFFIRMED.